[Cite as *Cherry Lane Dev., L.L.C. v. Walnut, C & DD, L.L.C.*, 2012-Ohio-3558.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| CHERRY LANE DEVELOPMENT, LLC, et al., | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | Sheila G. Farmer, J. |
|  | : | Julie A. Edwards, J. |
| Plaintiffs-Appellants | : |  |
|  | : | Case No. 2011CA00046 & |
| -vs- | : | 2011CA00048 |
|  | : |  |
|  | : |  |
| WALNUT, C & DD, LLC, et al., | : | O P I N I O N |
|  |  |  |
| Defendants-Appellees |  |  |

CHARACTER OF PROCEEDING:                 Civil Appeal from Fairfield County
                                                            Court of Common Pleas Case No.
                                                            09CV774

JUDGMENT:                                          Dismissed

DATE OF JUDGMENT ENTRY:                 August 3, 2012

APPEARANCES:

For Plaintiffs-Appellants                         For Defendants-Appellees Jerry
                                                            Mock, Barbara Mock, and Walnut C &
                                                            DD, LLC

TODD D. PECHAR                                  D. JOE GRIFFITH
DANIEL J. FRUTH                                   CARRIE SNOKE LOTT
CHARLES M. ELSEA                              Dagger, Johnston, Miller,
Stebelton, Aranda & Snider                    Ogilvie & Hampson
109 N. Broad Street, Suite 200              144 East Main Street
Lancaster, Ohio  43130                          P.O. Box 667
                                                            Lancaster, Ohio 43130

For Defendants-Appellants
Walnut Township, et al.

STEVEN A. DAVIS
Crabbe, Brown & James, LLP
111 South Broad Street, Suite 209
Lancaster, Ohio 43130

LAURA MACGREGOR COMEK
Crabbe, Brown & James, LLP
500 South Front Street, Suite 1200
Columbus, Ohio  43215

MICHAEL A. CYPHERT
Walter & Haverfield, LLP
The Tower at Erieview
1301 East Ninth Street, Suite 3500
Cleveland, Ohio  44114-1821

For *Amicus Curiae* State of Ohio

MICHAEL DEWINE
Attorney General of Ohio

ROBERT C. MOORMANN
Counsel of Record
NICHOLAS J. BRYAN
Assistant Attorneys General
30 East Broad Street, 17th Floor
Columbus, Ohio  43215

*Edwards, J.*

{¶1} Appellants, Walnut Township, the Walnut Township Zoning Commission, Ralph Reeb, Ralph Zollinger, Allen Dupler, Pauline Ety and Walter Gabriel (collectively "Walnut Township") appeal a judgment of the Fairfield County Common Pleas Court finding Walnut Township Zoning Resolution 15-08 to be in conflict with Ohio law (Case No. 2011CA00046). Appellants Cherry Lane Development, LLC, Ronald DiPaolo and Irene Dipaolo (collectively "DiPaolos") appeal the same judgment (Case No. 2011CA00048). Appellees are Walnut C&DD, LLC, Barbara S. Mock and Jerry L. Mock (collectively "Mocks"). Case No. 2011CA00046 and Case No. 2011CA00048 are consolidated for purposes of opinion only.

### STATEMENT OF FACTS AND CASE

{¶2} The Mocks own 65.9 acres in Walnut Township. Cherry Lane owns property lying north of and contiguous to the Mocks' property. Ronald and Irene DiPaolo are members of Cherry Lane Development, LLC.

{¶3} In February of 2008, the Mocks applied to the township to change the zoning of their property from I-1 (light industrial) to I-2 (general industrial). The Walnut Township Zoning Commission set the matter for public hearing on March 6, 2008. The DiPaolos attended the hearing with their attorney. At the hearing, the Mocks explained that they were currently operating a roll-off trash container business, a stone yard and a recycling business on their property, and wanted to split off three lots and sell them to businesses that needed I-2 zoning in order to operate on the property. The DiPaolos objected to the rezoning, notified the Commission that the Mocks had contacted the EPA that week about constructing a demolition landfill, and presented a petition

containing 27 signatures of neighboring landowners who opposed the rezoning. The DiPaolos believed that the Mocks were attempting to have their property rezoned in order to construct a construction and demolition debris (C&DD) landfill next to the Cherry Lane Development, which would diminish the value of the DiPaolos' property.

{¶4} At the conclusion of the hearing, the Commission chose not to make a recommendation because it had not yet received the Regional Planning Commission's recommendation. The Zoning Commission tabled the matter until it's April 3, 2008, meeting.

{¶5} The Regional Planning Commission met on April 1, 2008, for a public hearing on the Mocks request for rezoning. The DiPaolos were present at this meeting and voiced their objections. The Regional Planning Commission recommended approval of the zoning change.

{¶6} The Zoning Commission met on April 3, 2008, read the Regional Planning Commission's recommendation into the record, and passed a motion recommending that the Board of Trustees adopt the zoning change.

{¶7} On April 8, 2008, the Walnut Township Trustees met in regular session, received the recommendation of the Zoning Commission and set a public hearing for April 22, 2008. The trustees convened as planned on April 22, 2008, but rescheduled the hearing for May 6, 2008, because the notices publicizing the hearing failed to comply with R.C. 519.12(F). Notice of the May 6, 2008, hearing was mailed to neighboring property owners, including Cherry Lane Development, and published in the newspaper.

{¶8}   At the May 6, 2008, hearing, the DiPaolos once again vehemently objected to the zoning change.  The township trustees approved the zoning change in Resolution 15-08.

{¶9}   On December 11, 2008, Walnut C&DD, LLC, a company owned by the Mocks, obtained a site specific license to operate a C&DD facility on their property from the Fairfield Department of Health, acting on behalf of the Ohio Environmental Protection Agency.  Such a facility is permissible in an area zoned I-2, but not in an area zoned I-1.  The license has been renewed yearly.

{¶10}  The DiPaolos brought the instant action on June 11, 2009, in the Fairfield County Common Pleas Court challenging the procedure used by the Township in adopting the zoning change.  They sought a declaration that the new Zoning Resolution was null and void, and a writ of mandamus ordering the township to enforce the old Zoning Resolution with respect to the Mocks' property.  They also sought both preliminary and permanent injunctions to prevent the Mocks from constructing a C&DD facility on their property and to prevent the township and its agents from issuing licenses or permits in accordance with Resolution 15-08.

{¶11}  The Mocks filed counterclaims against the DiPaolos and cross-claims against the Township.  They further filed third party complaints against the trustees individually.

{¶12}  On April 26, 2010, the trial court found that Resolution 15-08 was null and void because the township failed to comply with R.C. 519.12 and its own Zoning Resolution in adopting the change.

{¶13} The Mocks moved the trial court for leave to amend their cross-claim against the Township to state a claim for declaratory relief as to whether the Mocks may operate a C&DD on the property pursuant to a state license. The court granted the motion on March 24, 2011. Both parties filed motions for summary judgment. On August 26, 2011, the trial court sustained the Mocks' motion for summary judgment, declaring that the Walnut Township Zoning Resolution as applied to the portion of the Mocks property covered by the 2011 C&DD license was invalid and could not be enforced, as state law preempted the zoning ordinance.

{¶14} Walnut Township appeals the August 26, 2011, judgment, assigning the following errors:

{¶15} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT WHEN IT DETERMINED THAT THE WALNUT TOWNSHIP ZONING RESOLUTION CONFLICTS WITH OHIO REVISED CODE CHAPTER 3714 BECAUSE DEFENDANT WALNUT STIPULATED THAT A C&DD FACILITY COULD BE LOCATED IN THE TOWNSHIP'S I-2 INDUSTRIAL DISTRICT WHEN IT APPROVED THE REZONING.

{¶16} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT WHEN IT DETERMINED THE WALNUT TOWNSHIP ZONING RESOLUTION (IN WHOLE) WAS INVALID AS APPLIED TO THE SUBJECT PROPERTY.

{¶17} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT WHEN IT DETERMINED THAT THE DEFENDANT C&DD LANDFILL WAS IN COMPLIANCE WITH THE PERMIT ISSUED BY THE OHIO EPA.

{¶18} "IV. THE TRIAL COURT ERRED BY DENYING DEFENDANTS WALNUT TOWNSHIP'S MOTION TO STAY PROCEEDINGS PENDING APPEAL."

{¶19} The DiPaolos appeal the same judgment, assigning the following errors:

{¶20} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS AUGUST 26, 2011 JUDGMENT ENTRY GRANTING DEFENDANTS', JERRY MOCK, ET AL., MOTION FOR SUMMARY JUDGMENT BECAUSE NO CONFLICT EXISTS BETWEEN THE WALNUT TOWNSHIP ZONING ORDINANCE AND THE GENERAL LAWS OF OHIO.

{¶21} "II. THE TRIAL COURT ERRED AS A MATER OF  LAW IT [SIC] ITS AUGUST 26, 2011 JUDGMENT ENTRY OVERRULING DEFENDANTS', WALNUT TOWNSHIP, ET AL., MOTION FOR SUMMARY JUDGMENT BECAUSE NO CONFLICT EXISTS BETWEEN THE WALNUT TOWNSHIP ZONING ORDINANCE AND THE GENERAL LAWS OF OHIO.

{¶22} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS AUGUST 26, 2011 JUDGMENT ENTRY DISMISSING AS MOOT PLAINTIFFS' PETITION FOR A WRIT OF MANDAMUS BECAUSE CHAPTER 3714 OF THE REVISED CODE DOES NOT RELIEVE LOCALITIES FROM ENFORCING ZONING ORDINANCES THAT DO NOT CONFLICT WITH THE GENERAL LAWS OF OHIO."

{¶23} Appellees have filed a motion to dismiss both appeals as moot, arguing that due to the failure of appellants to obtain a stay, the landfill has been constructed and is in operation.  While we agree that the appeals are both moot, we find them to be moot for different reasons than those urged by appellees.  In Case No. 11CA00049, we found that the trial court erred in its April 26, 2010, judgment declaring Resolution 15-08 to be null and void.  Accordingly, we reinstated the resolution, pursuant to which the Mocks property is zoned I-2, general industrial.  Because a C&DD landfill is permitted in

an area zoned I-2, the zoning resolution as applied to the portion of the Mocks property covered by the C&DD license issued by the State of Ohio is not in conflict with state law. The assignments of error in both cases are therefore rendered moot by our decision in Case No. 11CA00049.

**{¶24}** The appeal is dismissed.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/0501

[Cite as *Cherry Lane Dev., L.L.C. v. Walnut, C & DD, L.L.C.*, 2012-Ohio-3558.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CHERRY LANE DEVELOPMENT, LLC,
et al.,                                          :
                                                 :
            Plaintiffs-Appellees      :
                                                 :
                                                 :
-vs-                                             :            JUDGMENT ENTRY
                                                 :
WALNUT C & DD, LLC, et al.,         :
                                                 :
            Defendants-Appellants  :            CASE NO. 2011CA00046


For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Fairfield County Court of Common Pleas is dismissed. Costs assessed to appellants.

_____

_____

_____

JUDGES

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CHERRY LANE DEVELOPMENT, LLC,
et al.,                                      :
                                             :
          Plaintiffs-Appellees               :
                                             :
                                             :
-vs-                                         :          JUDGMENT ENTRY
                                             :
WALNUT C & DD, LLC, et al.,                  :
                                             :
          Defendants-Appellants             :          CASE NO. 2011CA00048


        For the reasons stated in our accompanying Memorandum-Opinion on file, the

appeal of the Fairfield County Court of Common Pleas is dismissed.  Costs assessed to

appellants.


                                        _____

                                        _____

                                        _____

                                                        JUDGES